[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14848
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-01258-SLB


INEZ ALFRED GARCIA,

                                        Plaintiff-Appellant,


versus


FLETCHER KILLINGSWORTH,
CITY OF HUNTSVILLE, AL,

                                        Defendants-Appellees.



_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 28, 2011)


Before WILSON, HILL and BLACK, Circuit Judges.

PER CURIAM:

Inez Alfred Garcia brought this action for damages against Fletcher Killingsworth and the City of Huntsville, Alabama, under 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights to be free from unreasonable seizure and excessive force.[1] The district court granted summary judgment for defendants on the grounds of the qualified immunity of Killingsworth. We find no reversible error in this conclusion.

Inez Alfred Garcia was arrested by defendant Fletcher Killingsworth for public intoxication, which, under Alabama law, is the appearing in a public place under the influence of alcohol and engaging in boisterous and offensive conduct that annoys another person in the vicinity. Ala. Code § 3A-11-10. In this case, Garcia admits that he was at a mixed martial arts event at night with thousands of other people. He admits that there were fights among the spectators at this event, that he had five or six beers prior to his arrest, and that upon exiting the event he walked by Killingsworth, who was in the process of arresting another individual, and said "That's brutality." He also admits that this comment could have been heard ten to fifteen yards away, by the crowd of other exiting spectators. Finally,

---

[1]Garcia also asserted several state law claims, but these are not part of this appeal.

he admits that Killingsworth could probably smell the alcohol on his breath.  He was then arrested for public intoxication.

Killingsworth is entitled to qualified immunity from suit if he had arguable probable cause for the arrest.  *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004).  The undisputed facts are that Garcia had been drinking, smelled of alcohol, and made a highly inflammatory comment in the presence of a large crowd late at night.  The district court correctly held that, under these circumstances, Garcia did not establish that no reasonable officer could have thought there was probable cause to arrest him for public intoxication.  *See Vineyard v. Wilson*, 311 F.3d 1340, 1346-47 (11th Cir. 2002) (it is the plaintiff's burden to establish that no arguable cause for the arrest existed).  We agree.  The district court correctly concluded that the defendants are entitled to qualified immunity on Garcia's unreasonable seizure claim.

Additionally, the district court correctly determined that Killingsworth is entitled to qualified immunity on Garcia's excessive force claim.  The undisputed facts are that Killingsworth handcuffed Garcia by grabbing his arm, twisting it around Garcia's back and bowed him over.  We have previously acknowledged that this handcuffing technique "is relatively common and ordinarily accepted non-excessive way to detain an arrestee.""  *Rodriguez v. Farrell*, 280 F.3d 1341,

1351-53 (11th Cir. 2002).  We have also recognized that "the typical arrest involves some force and injury."  *Id.*  The district court held that the handcuffing in this case did not constitute excessive force and we agree.

Accordingly, under the facts as Garcia has alleged them, we conclude that the district court's summary judgment in favor of defendants is due to be

AFFIRMED.